UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-25182-DPG

CONAN DOYLE ESTATE LIMITED,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## **PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Conan Doyle Estate Limited, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 15, S.D. Fla. L.R. 15.1 and this Court's December 30, 2025 Order [ECF No. 13], respectfully moves this Court for leave to file its Amended Complaint, and in support thereof respectfully refers the Court to the following Memorandum of Law:

### **MEMORANDUM OF LAW**

On November 7, 2025, Plaintiff filed its initial Complaint [ECF No. 1] seeking damages and injunctive relief for trademark counterfeiting and infringement, false designation of origin under the Lanham Act, common law unfair competition, and common law trademark infringement. On December 30, 2025, this Court dismissed Plaintiff's Complaint without prejudice finding joinder of the Defendants identified on Schedule A to the Complaint was improper. [ECF No. 13]. Specifically, the Court found that "the Defendants hale from eleven different countries and use multiple internet marketplace websites, including Amazon, Ebay, and Temu." *Id.* In its Order the Court also permitted Plaintiff to move for leave to amend its

Complaint. *Id.*

Pursuant to Federal Rule 15 "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618 (11th Cir.1983). However, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir.1981). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. at 598; *Espey v. Wainwright*, 734 F.2d 748, 759 (11th Cir. 1994). Unless there is undue delay, bad faith, futility, a dilatory motive or prejudice to the opposing party, "the leave sought should, as the rules require, be 'freely given.'" *Allapattah Services, Inc. v. Exxon Corp.*, 61 F.Supp.2d 1326, 1333 (S.D. Fla. 1999) (internal citations omitted).

Here, none of the factors counseling against permitting the requested amendment under Rule 15(a) are present. There has not been any undue delay or bad faith, nor does Plaintiff have any dilatory motive. In accordance with Local Rule 15.1 and this Court's December 30, 2025 Order, Plaintiff hereby attaches a copy of the proposed Amended Complaint. As set forth therein, the pleading has been amended to identify a group of Defendants that all hale from China and all operate on the Amazon marketplace.

WHEREFORE, Plaintiff respectfully requests that this Court GRANT its Motion, grant Plaintiff leave to file the attached proposed pleading (Exhibit A), and for such other relief as this Court deems just and proper.

Date:   January 20, 2026					Respectfully submitted by,

**Richard Guerra**
Richard Guerra (Fla. Bar No. 689521)
Attorney Email: rguerra@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
*Counsel for Plaintiff*