UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-25182-DPG

CONAN DOYLE ESTATE LIMITED,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____/

## PLAINTIFF'S MOTION TO FILE UNDER SEAL

Plaintiff, Conan Doyle Estate Limited ("Plaintiff" or "CDEL"), by and through its undersigned counsel and pursuant to S.D. Fla. L.R. 5.4(b)(1), respectfully moves for an order allowing Plaintiff to file under seal Schedule A to Plaintiffs' Amended Complaint ("Proposed Sealed Materials"), which identifies the Defendants to the above-styled action, and in support thereof respectfully refers the Court to the following Memorandum of Law.

## MEMORANDUM OF LAW

Good cause exists for the requested order. The Proposed Sealed Materials contain identifying information about the Defendants' web stores, including their Seller IDs and store URLs, but do not include Defendants' names or other personal information – which are not yet known. Plaintiff has learned that Defendants are engaged in the promotion, advertisement, distribution, offering for sale, and sale of goods bearing counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district, without authorization through various Internet based e-commerce stores. Defendants' counterfeiting and infringing activities are causing

irreparable injury to Plaintiff and causing an overall degradation of the reputation and goodwill associated with Plaintiff's brands. Accordingly, Plaintiff is seeking *ex parte* relief in this action.

Temporarily sealing these portions of the court file will prevent Defendants from prematurely receiving notice of Plaintiff's investigation into the operation of their illegal businesses. In light of the illicit nature of the counterfeiting business and the ability of counterfeiters to practically eliminate their evidentiary trails by conducting their business entirely over the Internet, Plaintiff has good reason to believe that providing advance notification of Plaintiff's claims would cause Defendants to hide or transfer their ill-gotten assets, inventory, and related records beyond the jurisdiction of this Court and thereby thwart the Court's ability to grant meaningful relief. *See Dell Inc. v. BelgiumDomains, LLC*, Case No. 07-22674, 2007 WL 6862341, at *5 (S.D. Fla. Nov. 21, 2007) (granting motion to seal where the defendants, who operate their counterfeiting business electronically, "will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice of the plaintiff's filings).

As Defendants engage in illegal trademark counterfeiting and infringement activities, Plaintiff has no reason to believe Defendants will make their assets available for or will adhere to the authority of this Court any more than they have adhered to federal trademark laws.

WHEREFORE, Plaintiff respectfully requests that Schedule A to Plaintiff's Amended Complaint remain under seal until the Court has the opportunity to rule on Plaintiffs' request for temporary *ex parte* relief and, if granted, the relief ordered therein has been effectuated. At that time, all pleadings and orders, will be made available to Defendants.

Date:   November 11, 2025                Respectfully submitted by,

                                                                                **Richard Guerra**
Richard Guerra (Fla. Bar No. 689521)
Email: rguerra@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue, South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831

*Attorneys for Plaintiff*